# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

USA ENGINEERING, INC.,

    Plaintiff,

v.                                              Case No. 8:19-cv-01578-02JSS

AUSTIN CATLETT, WILLIAM
LAZO-LOPEZ, CHRISTOPHER LEWIS,
GEORGE PRYGOCKI, and DAVID
ALEGRIA,

    Defendants.
_____/

## **ORDER**

This matter comes to the Court on Defendants Austin Catlett, William Lazo-Lopez, Christopher Lewis, George Prygocki, and David Alegria's motion to dismiss Plaintiff's complaint for lack of jurisdiction. Dkt. 12. Plaintiff filed a response. Dkt 30. The Court finds that no hearing is necessary and denies the motion.

## Discussion

The inquiry for personal jurisdiction is two-fold: "(1) whether personal jurisdiction exists over the nonresident defendant . . . under Florida's long-arm statute, and (2) if so, whether that exercise of jurisdiction would violate the Due

1

Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). Florida's long-arm statute grants general jurisdiction over:

> [a] defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193(2) (2019). 'Substantial and not isolated activity' refers to "continuous and systematic" contact with the state. *Wiggins v. Tigrent, Inc.*, 147 So. 3d 76, 85 (Fla. 2d DCA 2014). Since this is a high threshold for jurisdiction, "if the defendant's activities meet the requirements of this section, the due process requirement of minimum contacts is [also] fulfilled." *Schwartzberg v. Knobloch*, 98 So. 3d 173, 178 (Fla. 2d DCA 2012) (quoting *Camp Illahee Investors, Inc. v. Blackman*, 870 So. 2d 80, 85 (Fla. 2d DCA 2003)).

Here, Defendants—except for George Prygocki—were the project managers, permit handlers, and drafters for the Sterling, Virginia office, which generated revenue of $1,002,701.42 from Florida projects for Florida-based clients between December 31, 2017, through the end of their employment. Dkt. 30-17 ¶¶ 5 & 6. Defendant Prygocki was the Director of OSP Engineering for the Southeast Region. *Id.* Each Defendant communicated regularly with Plaintiff's employees based in Florida. From August 2017 to the end of his employment, Defendant

2

Catlett sent at least 257 emails to and received at least 178 emails from Florida personnel. *Id.* ¶ 7. From August 2017 to the end of his employment, Defendant Lazo-Lopez sent at least 204 emails to and received at least 617 emails from Florida personnel—including 142 emails to the Accounting and Invoicing Department in Florida. *Id.* ¶ 8. From August 2017 to the end of his employment, Defendant Lewis sent at least 855 emails to and received at least 1,927 emails from Florida personnel—including 54 emails to the president of the company. *Id.* ¶ 9. From August 2017 to the end of his employment, Defendant Prygocki sent at least 698 emails to and received at least 1,999 emails from Florida personnel—including 43 emails to the president of the company. *Id.* ¶ 10. From August 2017 to the end of his employment, Defendant Alegria sent at least 444 emails to and received at least 776 emails from Florida personnel—mostly to senior project managers located in Florida. *Id.* ¶ 11.

Further, all of the Defendants worked on Florida projects. Dkt. 30 at 3–11. Of the Defendants who kept track of their billable hours (Catlett, Lazo-Lopez, and Alegria), each billed significant time to Florida clients for Florida projects. Dkt. 30-20 ¶¶ 4–7. Catlett billed 421 hours on Florida projects, Alegria billed 990 hours, and Lazo-Lopez billed 129 hours. *Id.* All of Defendants visiting Florida to do work for Florida projects. Dkt. 30 at 3–11. Additionally, all of the Defendants were paid from Plaintiff's Florida headquarters. *Id.* And, while not a dipositive

factor, each Defendant had a forum selection clause in their employment contract agreeing to Florida as the venue for actions arising from the contracts. *Id.* at 19; *Autonation, Inc. v. Whitlock*, 276 F. Supp. 2d 1258, 1263 (S.D. Fla. Aug. 1, 2003) (holding that forum selections clauses are a "factor that weighs in favor of exercising personal jurisdiction over a nonresident defendant where other grounds exist to exercise such jurisdiction."); *see also McRae v. J.D./M.D.*, 511 So. 2d 540 (Fla. 1987).

All of these contacts with the state of Florida were so continuous and systematic that it would be "fundamentally fair" to require them to answer to a lawsuit in Florida. *Consol. Mgmt. Sols., Inc. v. Dennis*, No. 307-CV-1192-J16-MCR, 2008 WL 2694107, at *4 (M.D. Fla. July 7, 2008). Defendants were surely aware they were employed by a Florida corporation with its primary office in Florida. They worked on projects from Florida, visited Florida, frequently sent emails to individuals in Florida, received direction from supervisors (both directly and indirectly) in Florida, and each of the Defendants agreed to a Florida forum selection clause in their employment contract. Importantly, all of these contacts were within the span of less than five years. *Compare Custom Fab, Inc. v. Kirkland*, No. 6:13-CV-1511-ORL-31, 2014 WL 260090, at *4 (M.D. Fla. Jan. 23, 2014) (holding that emails and visits to Florida occasionally over seven years was not "continuous and systematic"); *with Nordmark Presentations, Inc. v. Harman*,

557 So. 2d 649, 651 (Fla. 2d DCA 1990) (holding that emails and visits to Florida occasionally over two years was "continuous and systematic"); *and AutoNation, Inc. v. Hankins*, 03–14544 CACE (05), 2003 WL 22852206 at *4–6 (Fla. Cir. Ct. Nov. 24, 2003) (holding that emails and visits to Florida occasionally over eighteen months was "continuous and systematic"). As such, the Defendants' contacts with Florida are enough to sustain general jurisdiction over each of the Defendants.

Defendant Prygocki also moves to dismiss Plaintiff's complaint for insufficient service under Fed. R. Civ. P. 12(b)(5). Dkt. 12 at 20–21. Defendant Prygocki alleges that he was not personally served and instead found the process papers sitting inside of his screen door when he got home one afternoon. Dkt. 12-4 ¶ 17. Plaintiffs allege that he was personally served. Dkt. 29.

A Rule 12(b)(5) motion challenging sufficiency of service must describe with specificity the deficiency of the service. *Scotlynn USA Div., Inc. v. Titan Trans Corp.*, No. 2:18-CV-521-FTM-99CM, 2019 WL 166325, at *2 (M.D. Fla. Jan. 10, 2019). "The plaintiff makes a prima facie showing of proper service by presenting a signed return of service." *Id.* If the plaintiff can establish that service was proper then the burden shifts back to the defendant to bring "strong and convincing evidence" of insufficient process. *Developers Sur. & Indem. Co. v. Italian Cast Stone, Inc.*, No. 8:16-CV-3491-T-24TGW, 2017 WL 3113469, at *2

(M.D. Fla. May 5, 2017). Any conflict in the parties' affidavits should be resolved in favor of the plaintiff. *Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014)

Here, Plaintiff has a signed return of service alleging proper personal service. Dkt. 29-1. Therefore, Defendant Prygocki has the burden to bring "strong and convincing" evidence of insufficient service. Defendant Prygocki provides an affidavit alleging that process was "left in my screen door." Dkt. 12-4 ¶ 17. At this point the Court is left with two conflicting affidavits concerning whether service was proper. Since Defendant Prygocki has actual notice of this case and conflict in the parties' affidavits should be resolved in favor of Plaintiff, this Court find service of process sufficient.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss, Dkt. 12, is denied. Defendants shall file responses to the complaint per Fed. R. Civ. P. 12(a).

**DONE AND ORDERED** at Tampa, Florida, on September 24, 2019.

/s/ *William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record